UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDERS, WALTER II,

       Plaintiff,

-against-

ANTONY JOHN BLINKEN, et al.,

       Defendants.

22-CV-9414 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

  By order dated November 22, 2022, the Court directed Plaintiff, within thirty days, to submit a completed request to proceed *in forma pauperis* ("IFP application") or pay the $402.00 in fees required to file a civil action in this court. That order specified that failure to comply would result in dismissal of the complaint.

  On November 27, 2022, Plaintiff filed a notice of interlocutory appeal, presumably challenging the Court's November 22, 2022, order.[1] (ECF 5, at 1.) ("This Bill of Lading is a notice of a (interlocutory appeal) to be tried de novo, ex parte.") Plaintiff, who identifies as "a

---

[1] Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted). Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is plainly defective. Accordingly, this Court retains jurisdiction of this action. *See, e.g., Rodgers*, 101 F.3d at 252 (deeming a notice of appeal from a nonfinal order to be "premature" and a "nullity," and holding that the notice of appeal did not divest the district court of jurisdiction).

Special and Private People called Moor Americas aboriginal Michiganian national," appears to challenge this Court's authority to collect the filing fee from him.

## CONCLUSION

Plaintiff has not filed an IFP application or paid the fees in this action. Accordingly, the complaint is dismissed without prejudice. *See* 28 U.S.C. §§ 1914, 1915.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to issue judgment in this action.

SO ORDERED.

Dated:   January 20, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge